UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVE SPRUANCE, et al.,
    Plaintiffs,

vs.

SUNBELT RENTALS, et al.,
    Defendants.

Case No. 1:13-cv-211

Weber, J.
Litkovitz, M.J.

**ORDER**

Plaintiffs Steve Spruance and Gale Spruance bring this action against defendants Sunbelt Rentals, Inc. (Sunbelt Rentals) and Multiquip, Inc. (Multiquip), asserting negligence and product liability claims in connection with a traumatic brain injury plaintiff Steve Spruance sustained while operating a "Ride-On Power Buggy" on a construction site. This matter is before the Court on plaintiffs' motion to compel discovery responses.[1] (Doc. 39). Plaintiffs seek an order compelling defendant Sunbelt Rentals to provide responses to plaintiffs' first set of interrogatories and plaintiffs' first request for production of documents, records and things, both of which were served on July 22, 2013. Plaintiffs further seek fees and costs associated with the motion under Fed. R. Civ. P. 37(a)(5)(A). Defendant Sunbelt Rentals has filed a memorandum in opposition to plaintiffs' motion to compel (Doc. 44), to which plaintiffs have replied. (Docs. 46, 47).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3). Before making a motion to compel disclosure or discovery,

---

[1] Although plaintiffs initially sought to compel discovery responses by both defendants, plaintiffs subsequently filed a notice withdrawing the motion as to defendant Multiquip. (Doc. 45).

though, the moving party must "in good faith confer[ ] or attempt [ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Thus, before moving to compel discovery, a party must first show that it sought discovery from its opponent but was unable to resolve the dispute. *McDermott v. Continental Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995)).

Fed. R. Civ. P. 37 further provides that "if [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order payment, though, if the moving party did not confer in good faith prior to filing the motion to compel; the opposing party's failure to respond was substantially justified; or circumstances exist which make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Plaintiffs' counsel has certified that prior to filing the instant motion, he corresponded with counsel for Sunbelt Rentals numerous times in an effort to obtain the discovery plaintiffs first requested on July 22, 2013. (Doc. 39-8, Exh. 7, Rule 37.2 Certification of Counsel David M. Paris; *see also* Doc. 39-1 at 2-4). Plaintiffs' counsel states that he sent a deficiency letter to Sunbelt Rental's counsel on September 12, 2013 (*see* Doc. 39-6, Exh. 5); counsel for all parties participated in a follow-up telephone conference on October 8, 2013; and plaintiffs' counsel sent a follow-up letter to counsel for defendants on October 21, 2013, memorializing the parties' agreement that defendants would serve their responses to plaintiffs' outstanding discovery requests no later than the end of October 2013 (*see* Doc. 39-7, Exh. 6). (*Id.*). Plaintiffs' counsel asserts that these attempts to obtain discovery have been unavailing. (*Id.*).

2

Defendant Sunbelt Rentals does not dispute that it has failed to timely respond to plaintiffs' first set of interrogatories and first request for production of documents, records and things. (Doc. 44). Sunbelt Rentals seeks to justify its failure to provide discovery to date by attributing the delay to issues associated with the tendering of its defense pursuant to an indemnification agreement, which remained unresolved until October 15, 2013. (Doc. 44 at 1). Counsel for Sunbelt Rentals states that counsel has kept all parties advised of the delay purportedly caused by the tender issues. (*Id.*). Sunbelt Rentals attributes delay subsequent to October 15, 2013 to the unavailability of the litigation liaison for Sunbelt Rentals due to injuries incurred in an accident. (*Id.*). Counsel for Sunbelt Rentals represents that she anticipates providing written discovery responses by December 11, 2013. (*Id.* at 2).

Defendant Sunbelt Rentals has not demonstrated a valid reason for failing to timely respond to plaintiffs' discovery requests. Neither Sunbelt Rentals nor its counsel has submitted an affidavit or documentation to substantiate allegations concerning the reasons for the delay in responding to the discovery requests. Sunbelt Rentals' assertions regarding its efforts to tender its defense and pursue an indemnification claim, and its vague allegations regarding the unavailability of Sunbelt Rentals' litigation liaison, are insufficient to show Sunbelt Rentals has been unable to provide the requested discovery to date.

For these reasons, plaintiffs' motion to compel (Doc. 39) is **GRANTED** as to defendant Sunbelt Rentals. Defendant Sunbelt Rentals shall have **fourteen (14) days** from the date of this order to provide its responses to plaintiffs' first set of interrogatories and first set of document requests issued on July 22, 2013. Further, because defendant Sunbelt Rentals has not provided sufficient justification for the failure to provide the requested discovery in a timely manner, the

Court grants plaintiffs' request for associated costs and fees. *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs are **ORDERED** to file, within **fourteen (14) days** of the date of this order, an affidavit detailing their costs and expenses associated with the filing of the motion to compel. Defendant Sunbelt Rentals shall file its response, if any, within **seven (7) days** of receipt of plaintiffs' affidavit.

    Plaintiffs' motion to compel is **DENIED** as moot as to defendant Multiquip.

    **IT IS SO ORDERED.**

Date: 12/9/13

Karen L. Litkovitz
United States Magistrate Judge